IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CLEAVON LAMAR BATTLE ,<br><br>                    Plaintiff<br>         VS.<br><br>BRUCE CHATMAN, WARDEN, *et al.*,<br><br>                    Defendants | **NO.  5:09-CV-104 (HL)**<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION TO DISMISS

Plaintiff Cleavon Lamar Battle filed the instant 42 U.S.C. § 1983 complaint alleging that the defendants herein were deliberately indifferent to his serious medical needs. Tab #1. Plaintiff Battle's chief complaint involves the defendants' alleged refusal to provide him with soft shoes. In response to the complaint, the defendants filed a motion seeking dismissal. Tab #20. Therein, the defendants contend that this action should be dismissed because, *inter alia*, plaintiff Battle has failed to exhaust his available administrative remedies. Plaintiff Battle has filed a response to the defendants' motion. Tab #22.

**LEGAL STANDARDS**

MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the administrative remedies available to him.  42 U.S.C. §1997e(a).  The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate.  *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

**DISCUSSION**

The defendants raise the affirmative defense of failure to exhaust administrative remedies.  In support, they have submitted the affidavit of Eugenia Harrison, Deputy Warden of Care and Treatment at Scott State Prison.  In the affidavit, Harrison avers that plaintiff Battle, with respect to soft shoes, has filed only one informal grievance.  Consequently, WARDEN Harrison concludes that the plaintiff has not exhausted his available administrative remedies.

In his response, the only statement made by plaintiff Battle relevant to the issue of exhaustion is his ambiguous and conclusory assertion that "grievances are not being turn in they just make them disappear my grievances were rejected."  In addition, plaintiff Battle attached three partially completed informal grievance forms and two written memorandum from defendant Harrison rejecting two unspecified informal grievances due to a failure to comply with prison grievance procedures.[1]

---

[1] The informal grievance forms attached to plaintiff Battle's response contain blank receipt sections which are completed and provided to the inmate at the time the grievance is submitted.  For this reason, it appears to the undersigned that the forms were never properly submitted to prison authorities.


In light of the foregoing, along with the fact that plaintiff Battle has provided no documentation nor made any assertion that he even filed a *formal* grievance, the undersigned concludes that he has failed to exhaust his available administrative remedies prior to filing the instant action. Accordingly, his case is not properly before the court and must be **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 21st day of DECEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE